882 F.2d 320
 35 Cont.Cas.Fed. (CCH) 75,705
 LAKOTA CONTRACTORS ASSOCIATION, Frank Ecoffey, Bill Loafer,
and Everett Brewer, Appellants,
v.
UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; Dr.
Lewis W. Sullivan, Secretary of the Department of Health and
Human Services; Indian Health Service; and Dr. Terrence
Sloan, Aberdeen Area Director, Indian Health Service, Appellees.
 No. 89-5263.
 United States Court of Appeals,
Eighth Circuit.
 Submitted July 18, 1989.
Decided Aug. 11, 1989.
 
 Terry L. Pechota, Rapid City, S.D., for appellants.
 Ted L. McBride, Rapid City, S.D., for appellees.
 Before McMILLIAN, JOHN R. GIBSON, and FAGG, Circuit Judges.
 PER CURIAM.
 
 
 1
 This case involves a federal construction project on the Pine Ridge Indian Reservation in Kyle, South Dakota. Lakota Contractors Association and three individual Indian contractors (collectively "plaintiffs") brought this action against various federal agencies and officials (collectively the "Agency"), seeking to prevent the award of a construction contract for the project. The basis for plaintiffs' claim is their contention that the Agency failed to restrict bidding on the project to competition among only Indian contractors. See 25 U.S.C. Sec. 47 (1982), as amended by Act of Nov. 1, 1988, Pub.L. No. 100-581, Sec. 206, 102 Stat. 2938, 2940; 25 U.S.C. Sec. 1633 (1982). The district court denied plaintiffs' request for declaratory and injunctive relief. Having granted plaintiffs' motion for an expedited appeal, we now affirm.
 
 
 2
 The federal government provided funding for construction of a health care clinic in Kyle to serve the local Indian population. In order to recruit medical personnel to staff the clinic, the government also funded a companion project to construct twenty-four units of housing that would be made available to clinic personnel. Although the interrelated nature of the two projects had practical significance to the parties, only the housing contract is at issue in this case.
 
 
 3
 In the early stages of the project, the Oglala Sioux Tribe (the Tribe) indicated its preference to have the Tribe build the housing project. See The Indian Self-Determination and Education Assistance Act, Pub.L. No. 93-638, 25 U.S.C. Secs. 450-450n (1982). After discussions with the Agency that lasted most of 1988, however, the Tribe passed a resolution in January 1989 that acknowledged the importance of synchronizing the housing project's completion with construction on the clinic. The resolution then requested the Agency to administer all phases of the Kyle housing project.
 
 
 4
 Anthony F. Mammoser was the Agency contracting officer responsible for the Kyle project. Mammoser reviewed the bidding history of Indian contractors in the general area and contacted other federal officials about their past experience on similar projects. Based on this review and on the importance of avoiding delays that would allow the housing project to lag behind the clinic construction and run the risk of winter weather complications, Mammoser opted not to restrict the bidding under 25 U.S.C. Sec. 47.
 
 
 5
 The Agency advertised for open bids to be received on April 6, 1989. After the advertising was in progress, Mammoser received complaints that the project should have been restricted to Indian bidders. Mammoser then wrote a letter advising the Tribe that if he received a resolution to that effect by March 14, 1989, he would seriously consider altering the open bidding procedure. Mammoser also advised the Tribe that delay beyond March 14 would reduce the chances he would change the procedure, largely because rebidding would further delay a project for which prompt completion was already critical. The Tribe did not respond with a resolution until March 24, 1989.
 
 
 6
 In the interim, plaintiffs had filed this action seeking to prevent further advertisement or award of the contract unless the Agency restricted the bidding under section 47. The district court allowed the Agency to receive bids as scheduled, but prevented it from awarding the contract until the court made its decision in this case. The Agency opened bids on April 17, 1989. The low bidder was a non-Indian contractor.
 
 
 7
 In their complaint, plaintiffs contended: (1) the Agency was required under section 47 and federal regulations to restrict bidding on the Kyle project to Indian individuals or firms; and (2) even if the Agency had discretion to call for unrestricted bids, the decision to do so for the Kyle housing project was an abuse of discretion. In response, the Agency contended its decision not to advertise for restricted bids was discretionary. In addition, the Agency asserted the district court lacked jurisdiction to review the bidding decision under the general provisions of the Administrative Procedure Act (APA), see 5 U.S.C. Sec. 702 (Supp. IV 1986), because the "agency action [was] committed to agency discretion by law," id. Sec. 701(a)(2) (1982). See Webster v. Doe, 486 U.S. 592, 108 S.Ct. 2047, 2051-53, 100 L.Ed.2d 632 (1988). The Agency further argued that even if the court had jurisdiction to review plaintiffs' claims, the Agency had made a permissible decision under the standards contained in the APA, see 5 U.S.C. Sec. 706(2)(A) (1982). On appeal, the parties essentially renew these arguments.
 
 
 8
 In ruling on plaintiffs' request to halt the bidding, the district court first held the section 47 preference was not mandatory. The court, however, also determined the Agency's decision fell within the section 701(a)(2) exception to APA judicial review and, thus, that the court lacked jurisdiction to review plaintiffs' challenges. The court nevertheless went on to consider the merits of plaintiffs' contentions and determined the Agency's conduct was not impermissible in light of the governing APA standards. In doing so the court stated:
 
 
 9
 The evidence clearly shows that the contracting officer, Anthony Mammoser, carefully considered the options available in the construction of the Kyle Clinic housing, namely, negotiating a construction contract with the tribe under Public Law 93-638, treating the project as a 100% Indian Set-Aside under the Buy-Indian Act, or opening the project to unrestricted bidding. He * * * dealt with tribal leaders since October, 1987 in an effort to get the construction contract in the hands of either the tribal construction company or Indian contractors. The record indicates a good faith compliance with the Buy Indian Act on the part of the contracting officer.
 
 
 10
 The record indicates * * * the Oglala Sioux Tribal Council was under conflicting pressures: the Kyle community was anxious to get the housing constructed so the new medical clinic could be fully operational as soon as possible, and on the other hand, Indian contractors wanted the project treated as a 100% Indian Set-Aside project regardless of any delay * * *. The Council communicated both of these positions to the contracting officer, and his resulting decision to open the project to unrestricted bidding was neither arbitrary nor capricious. The [c]ourt cannot find the decision to be in violation of [section] 706(2)(A).
 
 
 11
 Joint App. at 20-21. The court also held there was no evidence to suggest the Agency had neglected to follow any necessary procedures in advertising for bids on the Kyle project.
 
 
 12
 The preference for Indian contractors relied on by plaintiffs is contained in 25 U.S.C. Sec. 47. That section, which becomes available in the Kyle project under the provisions of 25 U.S.C. Sec. 1633, provides: "So far as may be practicable Indian labor shall be employed, and purchases of the products (including, but not limited to printing, notwithstanding any other law) of Indian industry may be made in open market in the discretion of the [Agency]." 25 U.S.C. Sec. 47 (emphasis added). Similarly, a related regulation provides that the Agency "will utilize the negotiation authority of [25 U.S.C. Sec. 47] to give preference to Indians whenever the use of that authority is authorized and is practicable." 48 C.F.R. ch. 3, subpt. PHS 380.501(a) (1988) (emphasis added). We agree with the district court that neither 25 U.S.C. Sec. 47 nor the applicable regulations creates an absolute duty to advertise every eligible project for bids restricted to Indian individuals or firms. Rather, the Agency is entitled to invoke the statutory bidding preference when and if it determines the circumstances warrant doing so.
 
 
 13
 Without ruling definitively on the issue we also assume, only for purposes of this expedited appeal, that the Agency's decision not to invoke restricted bidding for the Kyle housing project is reviewable under the general APA framework for judicial review of final agency actions, see 5 U.S.C. Secs. 702, 706(2)(A). Operating on that assumption, we have reviewed the record and the parties' arguments. Based on this review, we agree with the district court that the Agency did not abuse its discretion in advertising the Kyle project on an unrestricted basis. Finally, we also reject plaintiffs' argument on appeal that the Agency failed to use proper methods for circulating bidding information and assuring bidder compliance with particular subcontractor requirements.
 
 
 14
 Accordingly, we affirm the district court's order.